UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSEA SWOPES,<br><br>            Petitioner,<br><br>    v.<br><br>A. CIOLLI,<br><br>            Respondent. | Case No.: 1:21-cv-00062-JLT (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>[THIRTY-DAY DEADLINE] |

Petitioner filed a Petition for Writ of Habeas Corpus on January 15, 2021. (Doc. 1.) A preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief or any facts in support. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.     DISCUSSION**

   A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

answer to the petition has been filed.

B.      Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[1] requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Petitioner has failed to comply with the aforementioned statutes and rules. He claims the Missouri Supreme Court erroneously concluded that Petitioner was an armed career criminal and claims a due process and equal protection violation. (Doc. 1 at 2-3.) Petitioner however fails to specify the grounds for relief or the facts supporting his grounds. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should caption his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in recommendation of dismissal of the action.

**II.     ORDER**

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

failure to state a claim; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

IT IS SO ORDERED.

Dated: **February 2, 2021**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE