1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   HOSEA SWOPES, | ) Case No.: 1:21-cv-00062-JLT (HC) |
| | ) |
| 12          Petitioner, | ) ORDER DIRECTING CLERK OF COURT TO |
| | ) ASSIGN DISTRICT JUDGE |
| 13      v. | ) |
| | ) FINDINGS AND RECOMMENDATION TO |
| 14   A. CIOLLI, | ) DISMISS PETITION FOR WRIT OF HABEAS |
| | ) CORPUS |
| 15          Respondent. | ) |
| | ) |
| 16 _____ | ) [TWENTY-ONE DAY OBJECTION DEADLINE] |

17          Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in

18   Atwater, California. He filed the instant federal petition on January 15, 2021 in this Court, challenging

19   a 2016 sentence in the United States District Court for the Eastern District of Missouri. (Doc. 1.) A

20   preliminary screening of the petition revealed that the petition failed to present any cognizable grounds

21   for relief or any facts in support. Accordingly, the Court dismissed the petition with leave to file an

22   amended petition. (Doc. 4.) On February 23, 2021, Petitioner filed a first amended petition. (Doc. 7.)

23   The Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e), and

24   therefore, the Court lacks jurisdiction.

25                              **BACKGROUND**

26          On March 23, 2015, Petitioner pleaded guilty to a single-count indictment charging him with

27   being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l) and 18 U.S.C. §

28   924(e)(l). United States v. Swopes, No. 4:14-cr-243-RLW-l (E.D. Mo.). He was sentenced by the

                                    1

Eastern District of Missouri on March 15, 2016 to 180 months' imprisonment and three years' supervised release. Petitioner subsequently filed a notice of appeal.

Initially, on March 10, 2017, a three-judge panel of the United States Court of Appeals for the Eighth Circuit vacated the judgment of the Court and remanded for resentencing. United States v. Swopes, No. 16-1797 (8th Cir. 2017). The three-judge panel found that based on an intervening circuit precedent, second-degree robbery in Missouri did not constitute a violent felony. The Government petitioned for en banc rehearing, which was granted on June 17, 2017. On March 29, 2018, the Court of Appeals, sitting en banc, concluded that second-degree robbery in Missouri was a violent felony, and returned the case to the three-judge panel. United States v. Swopes, No. 16-1797 (8th Cir. 2018). The three-judge panel thereupon affirmed the judgment of the court on June 3, 2018. Petitioner's petition for en banc rehearing and his petition for panel rehearing were both denied.

Petitioner filed a petition for writ of certiorari in the United States Supreme Court on August 27, 2018. Swopes v. United States, No. 18-5838 (2018). He filed a second petition on January 2, 2019. Swopes v. United States, No. 18-7233 (2019). The first petition for writ of certiorari was denied on February 25, 2019, while the second was denied on April 15, 2019.

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 on July 20, 2020, which is presently ongoing before the United States District Court for the Eastern District of Missouri. Swopes v. United States, No. 4:20-cv-01126-RLW (E.D. Mo.).[1] He filed the instant federal petition on January 15, 2021 in this Court (Doc. 1), and on February 23, 2021, Petitioner filed a first amended petition (Doc. 7).

### DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861,

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

865 (9th Cir. 2000).  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255.  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241.  Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e).  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion.  Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim.

1   Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.  The burden

2   is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315

3   F.2d 76, 83 (9th Cir. 1963).  If a petitioner fails to meet this burden, then his § 2241 petition must be

4   dismissed for lack of jurisdiction.  Ivy, 328 F.3d at 1060.

5        Petitioner is challenging the validity and constitutionality of his sentence as imposed by the

6   United States District Court for the Eastern District of Missouri, rather than an error in the

7   administration of his sentence.  Therefore, the appropriate procedure would be to file a motion

8   pursuant to § 2255 in the Missouri District Court, not a habeas petition pursuant to § 2241 in this

9   Court.  Moreover, section 2241 is unavailable because Petitioner does not present a claim of actual

10   innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his

11   claims.

12        A.      Actual Innocence

13        A claim of actual innocence for purposes of the Section 2255 savings clause is tested by the

14   standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614

15   (1998).  Stephens, 464 U.S. at 898.  In Bousley, the Supreme Court explained that, "[t]o establish

16   actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than

17   not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation

18   marks omitted).  Actual innocence means factual innocence, not mere legal insufficiency.  Id.

19        Petitioner makes no claim of being factually innocent of the underlying convictions.  Rather,

20   he takes issue with the sentence imposed, in particular, the enhanced sentence he received for his prior

21   offense.  In Marrero v. Ives, the Ninth Circuit noted that the circuit courts are in general accord that a

22   petitioner may not assert a cognizable claim of actual innocence of a noncapital sentencing

23   enhancement.  Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).  The Ninth Circuit held that "the

24   purely legal argument that a petitioner was wrongly classified as a career offender under the

25   Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch."  Id. at

26   1193.  The Ninth Circuit reasoned that such a claim was "purely a legal claim that has nothing to do

27   with factual innocence."  Id.  In this case, Petitioner appears to assert the purely legal claim that his

28   prior conviction was not a qualifying prior.  Relief under § 2241 is therefore foreclosed.

**B.     Unobstructed Procedural Opportunity**

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

Because Petitioner's first Section 2255 motion is presently ongoing before the Eastern District of Missouri, see Swopes v. United States, No. 4:20-cv-01126-RLW (E.D. Mo.), he cannot demonstrate that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims and, as such, the petition does not qualify for the savings clause of Section 2255. Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the Court lacks jurisdiction to consider the petition.

**C.     Recharacterization and Transfer**

The Court must therefore determine whether to recharacterize the petition as a § 2255 motion and transfer it to the sentencing court or dismiss it. The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. The statute provides that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Transfer is appropriate if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised

jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989).

Recharacterization and transfer of the petition to the Eastern District of Missouri is not in the interest of justice because the petition is a second and successive Section 2255 motion. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (noting that courts consider equitable factors when determining whether a transfer is appropriate). As a second and successive Section 2255 motion, the petition must first be certified by the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Moreover, Petitioner's first Section 2255 motion is presently ongoing before the Eastern District of Missouri.

## ORDER

Accordingly, the Court DIRECTS the Clerk of Court to assign a district judge to the case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __March 14, 2021__                  ___/s/ Jennifer L. Thurston__
                                                 UNITED STATES MAGISTRATE JUDGE